1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  JOHN MONTUE,                          )  1:10-cv-01592-JLT HC
                                         )
12            Petitioner,                )  FINDINGS AND RECOMMENDATIONS
                                         )  TO DISMISS PETITION FOR WRIT OF
13     v.                                )  HABEAS CORPUS (Doc. 1)
                                         )
14                                       )  ORDER DIRECTING THAT OBJECTIONS BE
    KATHLEEN ALLISON, Warden,            )  FILED WITHIN TWENTY DAYS
15                                       )
              Respondent.                )  ORDER DIRECTING CLERK OF COURT TO
16  _____  )  ASSIGN UNITED STATES DISTRICT JUDGE
                                            TO CASE
17

18       Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.   On September 2, 2010, Petitioner filed his petition for writ of

20  habeas corpus in this Court.  (Doc. 1).

21       Petitioner alleges that he is presently incarcerated at the California Substance Abuse

22  Treatment Facility ("CSATF"), serving a sentence of life with the possibility of parole for his

23  1979 conviction in the Sacramento County Superior Court for kidnaping and robbery.  (Doc. 1, p.

24  1).  However, Petitioner does not challenge either his conviction or sentence.    Instead, Petitioner

25  alleges that prison personnel "inappropriately confiscated petitioner's 13 inch color television

26  and donated it to the state, in violation of his due process rights, while his administrative appeal

27  was still pending.  (Id., p. 4).  The documents appended to the petition indicate that when

28  Petitioner arrived at CSATF, he was advised that he could not keep his 13-inch color television.

1

1   Petitioner was told that the shipping cost to send his television to his relatives would be twenty

2   dollars.  Subsequently, Petitioner alleges that his mother sent twenty dollars that was credited to

3   Petitioner's prison trust account.  However, previous charges immediately reduced Petitioner's

4   trust account balance to zero.  (Doc. 1, p. 6).  Because Petitioner did not have sufficient funds in

5   his prison trust account to send the television to relatives, the television was donated to the State

6   of California by prison staff.  (Doc. 1, p. 20).

7                                                          **DISCUSSION**

8           Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

9   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

10  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

11  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

12  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

13  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

14  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

15  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

16  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.

17  2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will

18  not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the

19  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

20  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

21  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

22  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

23          In this case, as mentioned, Petitioner alleges that prison authorities inappropriately

24  confiscated and donated his 13-inch color television set because Petitioner did not have sufficient

25  funds in his prison trust account to send the television to relatives.  Petitioner does not indicate

26  what relief he requests, although it is difficult to see how Petitioner could be seeking any relief

27  other than return of the donated television set or the crediting of its monetary equivalent to his

28  prison trust account.  Petitioner is thus challenging the conditions of his confinement, not the fact

                                                               2

1  or duration of that confinement.  Therefore, Petitioner is not entitled to habeas corpus relief, and

2  this petition should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do

3  so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

4  ## **ORDER**

5  The Court HEREBY ORDERS as follows:

6  1.      The Clerk of the Court is DIRECTED to assign a United States District Judge to

7  this case.

8  ## **RECOMMENDATION**

9  For the foregoing reasons, the Court RECOMMENDS:

10  1.  That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the

11  petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

12  This Findings and Recommendation is submitted to the United States District Judge

13  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

14  Local Rules of Practice for the United States District Court, Eastern District of California.

15  Within twenty days after being served with a copy, any party may file written objections with the

16  court and serve a copy on all parties.  Such a document should be captioned "Objections to

17  Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate

18  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

19  objections within the specified time may waive the right to appeal the District Court's order.

20  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21

22  IT IS SO ORDERED.

23  Dated:   **September 16, 2010**                        **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28