# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN MONTUE, | ) | 1:10-cv-01592-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION (Doc. 7) |
| | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| | ) | |
| KATHLEEN ALLISON, Warden, | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 17, 2010, the Magistrate Judge assigned to the case filed a Findings and Recommendation recommending the petition for writ of habeas corpus be dismissed because the petition did not state grounds that would entitle Petitioner to relief under 28 U.S.C. § 2254. (Doc. 7). This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. To date, the parties have not filed timely objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that

the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> >  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >  (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Moreover, the Court declines to issue a certificate of appealability.  If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed September 17, 2010 (Doc. 7), is ADOPTED IN FULL;
2. This petition for writ of habeas corpus (Doc. 1), is DISMISSED;
3. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   October 14, 2010**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE